Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Lance Rohrscheib** | |
| | Name: First    Middle    Last | |
| Debtor 2 (Spouse, if filing) | Name: First    Middle    Last | |
| Case number: (If known) | | |

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

### Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☑ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

### Part 2: Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$172** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** **Regular payments to the trustee will be made from future income in the following manner** (*check all that apply*):

☑ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:
**H&M Mechanical**
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

**2.3** **Income tax refunds and returns.** *Check one.*

| Debtor | **Lance Rohrscheib** | Case number | | Eff (01/01/2019) |

- [✔] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows: _____
- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4 Additional Payment** *Check all that apply.*
- [✔] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- [✔] Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| **Redstone Federal Credit Union** | 2013 Ford Mustang 100000 miles Owned 1 Year | $14,000.00 | $275.00 Disbursed by: **Debtor** To Begin: **1** | $0.00 | | $0.00 | |
| **Vanderbilt Mortgage** | 235 Daniels Chapel Rd Eva, AL 35621 Morgan County | $80,639.85 | $644.00 Disbursed by: **Debtor** To Begin: **1** | $4,400.00 | | $152.00 | |

**3.2 Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

- [✔] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

- [✔] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

- [ ] **None.** *If "None" is checked, the rest of § 3.4 need not be completed and need not be reproduced.*
 ***The rest of § 3.4 will be effective only if the applicable box in Part 1 of this plan is checked.***

| Debtor | **Lance Rohrscheib** | Case number | | Eff (01/01/2019) |
|---|---|---|---|---|

☑ **Total avoidance.** Debtor(s) seek to totally avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment equals or exceeds the amount of the lien or security interest. Unless otherwise ordered by the court, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided in its entirety (as to the property described) upon entry of the order confirming the plan, and, unless otherwise provided by this plan or otherwise ordered, the creditor's entire claim will be treated as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(This section should be used if, after deducting the amount(s) of Debtor(s)' available exemption(s) and of any mortgage lien(s) or other unavoided lien(s) and security interest(s) that encumber the subject property, Debtor(s) have no equity in the property. Debtor(s)' schedules contain information regarding the property value(s) and information regarding the mortgage(s) and other lien(s) and security interest(s) that encumber the property).*

| **Name of Creditor** | **Amount of Lien or Non-PPM Security Interest** | **Proof of Claim Number** (if a claim is filed) | **Property Description** (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be sufficient property description. For an Non-PPM security interest, describe the items pledged as collateral for the claim) | **Lien/Non-PPM Security Interest Identification** (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information.) |
|---|---|---|---|---|
| **Redstone Federal Credit Union** | $11,000.00 | | **235 Daniels Chapel Rd Eva, AL 35621 Morgan County** | **Judgment Lien** |

☐ **Partial avoidance.** Debtor(s) seek to partially avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment is less than the amount of the lien or security interest. Unless otherwise ordered, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided to the extent that it impairs such exemption(s) upon entry of the order confirming the plan. The amount of the judicial lien or Non-PPM security interest that is *not* avoided will be paid in full as a secured claim under the plan, as set forth below. Unless otherwise provided by this plan or otherwise ordered, the amount by which the creditor's claim exceeds the amount of the secured claim listed below shall be paid as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(If more than one lien or security interest is to be partially avoided, a separate chart must be used for each. Insert additional charts in § 3.4 as needed.)*

| **Information Regarding Judicial Lien or Non-PPM Security Interest** | **Calculation of Judicial Lien or Non-PPM Security Interest Avoidance** | | **Treatment of Remaining Secured Claim** |
|---|---|---|---|
| **Name of Creditor** **-NONE-** | **a.** List the value of the *entire* Property: **b.** List the total value of all mortgage lien(s) and other <u>unavoided</u> lien(s) or security interest(s) encumbering the Property: **c.** Subtract line "b" from line "a" (This is referred to as the "Equity"): | | **Amount of Secured Claim After Avoidance** (line "f") |
| **Proof of Claim Number** (if a claim is filed): | **d.** If Debtor(s) are the sole owner(s) of the property, list the entire amount from line "c". If there are additional owners calculate Debtor(s)' share of the Equity (e.g. divide line "c" by the number of owners) **and list that amount :** **e.** List the total amount of all available exemption(s): | | **Interest Rate** (if applicable): % |

Chapter 13 Plan                                                                                                                 Page 3 of 6
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

Case 19-83528-CRJ13    Doc 2    Filed 12/02/19    Entered 12/02/19 13:52:11    Desc Main
Document      Page 3 of 6

| Debtor | **Lance Rohrscheib** | Case number | | Eff (01/01/2019) |
|---|---|---|---|---|

| Lien / Non-PPM Security Interest Identification (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information): | f. Subtract line "e" from line "d" (This is the amount of the remaining secured claim.): <br><br> g. Amount of the judicial lien or Non-PPM security interest to be avoided: <br><br> h. Subtract line "f" from line "g": (This is the portion of the lien or security interest that is avoided.): | **Monthly Fixed Payment on Secured Claim** <br><br><br> **Monthly Fixed Payment to Begin:** <br><br><br> *DO NOT USE THIS CHART FOR JUDICIAL LIENS OR NON-PPM SECURITY INTERESTS THAT DEBTOR(S) SEEK TO AVOID IN THEIR ENTIRETY.* |
| **Description of Property** (the "Property") (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be a sufficient property description. For a Non-PPM security interest, describe the items pledged as collateral for the claim.): | | |

**3.5  Surrender of collateral.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Progressive Leasing** | |

## Part 4: Treatment of Fees and Priority Claims

**4.1  General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2  Chapter 13 case filing fee.** *Check one.*

☐ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☑ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3  Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,500.00**. The amount of the attorney fee paid prepetition is $**0.00**.
The balance of the fee owed to Debtor(s)' attorney is $**3,500.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4  Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Debtor | **Lance Rohrscheib** | Case number | | Eff (01/01/2019) |
|---|---|---|---|---|

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2** **Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay _____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $_____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☑ Base Plan. This plan proposes to pay $__**10,320.00**__ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3** **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4** **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5** **Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2** **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

☑ **Rejected items.**

| Name of Creditor | Description of Leased Property or Executory Contract |
|---|---|
| **Progressive Leasing** | **Welder** |

## Part 7: Sequence of Payments

**7.1** **Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.**

## Part 8: Vesting of Property of the Estate

**8.1** **Property of the estate will vest in Debtor(s)** *(check one)*:

☑ Upon plan confirmation.

☐ Upon entry of Discharge

## Part 9: Nonstandard Plan Provisions

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

Case 19-83528-CRJ13   Doc 2   Filed 12/02/19   Entered 12/02/19 13:52:11   Desc Main
Document      Page 5 of 6

| Debtor | **Lance Rohrscheib** | Case number | | Eff (01/01/2019) |
|---|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)*:

X **/s/ Lance Rohrscheib**     Date **December 2, 2019**
    **Lance Rohrscheib**

X _____     Date

**Signature of Attorney for Debtor(s):**
X **/s/ Melissa W. Larsen**     Date **December 2, 2019**
    **Melissa W. Larsen**
    **521 Madison Street, Ste. 201**
    **Huntsville, AL 35801**
    **256-970-4217**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**